IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRNA L. CARDONA-ALAMO, daughter of veteran Natividad Cardona-Cartagena<br><br>Plaintiff<br><br>vs<br><br>UNITED STATES OF AMERICA<br>VETERANS HOSPITAL, SAN JUAN, P.R.;<br>MIGUEL RAMOS, Administrative Director;'<br>MANUEL CLAUDIO, Assistant Director;<br>DR. RAFAEL BAEZ;<br>DR. ENRIQUE HERNANDEZ-VILLA;<br>DR. VIVIANNE VARGAS-DIAZ;<br>unknown cardiologist (chest attendance);<br>unknown emergency room nurse;<br>JOSE F. DIAZ-ZAYAS, owner of asylum<br><br>Defendants | CIVIL 07-2154CCC |

## OPINION AND ORDER

The action before us, filed pro se by Myrna Cardona-Alamo, arises from allegations of medical malpractice by the Veteran's Administration Hospital (Hospital) and negligence by the Hogar Casa de Campo (Home) in relation to a hip fracture suffered by her father, Natividad Cardona-Cartagena in a fall at the Home, which plaintiff contends resulted in his wrongful death on March 27, 2004.

With regard to the charges against the Hospital and staff members, plaintiff alleges that they gave Cardona-Cartagena

> . . . an infected blood transfusion which caused a bacteria (latent syphilis)," and that the doctor ". . . sent [her] father home with the bacteria (not treated) [in] deplorable health condition.

Complaint ¶¶ 2,3, 2.6.  She also alleges that the Hospital's assistant director

> . . . allowed and covered all erroneous, unjust, and illegal procedures of malpractice done to [her] father.  First he hided, and covered the bacteria, second the hip fracture, and finally he tried to hide his death on the perform of autopsy inside the Veterans' Hospital, so that way nobody wouldn't know the truth of his wrongful death.

Id., at ¶2.5.

CIVIL 07-2154CCC                                     2

    Before the court are two Motions to Dismiss (**docket entries 13 and 17**) filed by defendant José F. Díaz-Zayas, owner of the Home, where the decedent lived. Plaintiff has not opposed the motions.

    Díaz' Motion to Dismiss (docket entry 13) is based on the affirmative defense that the complaint is time-barred, pursuant to the one-year statute of limitations under the Civil Code of Puerto Rico, 31 L.P.R.A. §5298.

    Díaz-Zayas contends that plaintiff's action against him was initially filed in Puerto Rico's Court of First Instance, Caguas Part, docketed as Civil No. EDP2005-0087 (401).[1] Judgment dismissing that case without prejudice was entered on May 24, 2006; the Notice of Judgment entered, filed and mailed to the parties on June 14, 2006. The instant complaint was not filed until December 6, 2007, more than one year and five months after the parties were notified with the Judgment.

    Once the one-year period for limitations of actions is tolled by their institution before the courts, see, 31 L.P.R.A. §5303, the period of limitations begins to run again from the beginning. Díaz de Diana v. A.J.A.S. Ins. Co., 110 P.R.D. 471, 474 (1980); 10 P.R. Offic. Trans. 602. This action having been filed more than a year after the prior action was dismissed, this action is time-barred.

    Accordingly, Díaz-Zayas' Motion to Dismiss (**docket entry 13**) is GRANTED and this action is DISMISSED. The action having been dismissed as time-barred, Díaz-Zayas' second Motion to Dismiss (**docket entry 17**) is MOOT.

    SO ORDERED.

    At San Juan, Puerto Rico, on June 2, 2009.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge

---

[1] Exhibits to the motion include a copy of the local court complaint, the judgment dismissing the action without prejudice, and the notification of judgment, with their respective English translations.