IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRNA L. CARDONA-ALAMO, daughter of veteran Natividad Cardona-Cartagena<br><br>Plaintiff<br><br>vs<br><br>UNITED STATES OF AMERICA<br>VETERANS HOSPITAL, SAN JUAN, P.R.;<br>MIGUEL RAMOS, Administrative Director;'<br>MANUEL CLAUDIO, Assistant Director;<br>DR. RAFAEL BAEZ;<br>DR. ENRIQUE HERNANDEZ-VILLA;<br>DR. VIVIANNE VARGAS-DIAZ;<br>unknown cardiologist (chest attendance);<br>unknown emergency room nurse;<br>JOSE F. DIAZ-ZAYAS, owner of asylum<br><br>Defendants | CIVIL 07-2154CCC |

## OPINION AND ORDER

The action before us, filed pro se by Myrna Cardona-Alamo pursuant to the Federal Tort Claims Act (FTCA), arises from allegations of medical malpractice by the Veteran's Administration Hospital (Hospital) and negligence by the Hogar Casa de Campo (Home) in relation to hip fracture suffered by her father, Natividad Cardona-Cartagena in a fall at the Home, resulting in his wrongful death on March 27, 2004.

With regard to the charges against the Hospital and staff members, plaintiff alleges that they gave Cardona-Cartagena ". . . an infected blood transfusion, which caused a bacteria (latent syphilis)," and that the doctor "sent [her] father home with the bacteria (not treated) [in] deplorable health condition." Complaint ¶2.6. She also alleges that the Hospital's assistant director ". . . allowed and covered all erroneous, unjust, and illegal procedures of malpractice done to [her] father. First he hided, and covered the bacteria, second the hip fracture, and finally he tried to hide his death on the perform of autopsy inside the Veterans' Hospital, so that way nobody wouldn't know the truth of his wrongful death." Id., at ¶2.5.

CIVIL 07-2154CCC                                         2

Before the Court is a Motion to Dismiss (**docket entry 20**) filed by the United States on behalf of the Veterans Hospital and the individual employees/defendants, Rafael Báez, Manuel Claudio, Enrique Hernández-Villa, Miguel Ramos, and Vivianne Vargas-Díaz. Plaintiff has not opposed the motion.

The government raises as a ground for dismissal that the Veterans Hospital and the individual defendants must be dismissed inasmuch as they are not proper defendants in claims brought under the FTCA, 28 U.S.C. §§1346(b), 2674, where the individual defendants were acting in their official capacities, as was the case here. The courts have consistently held that, because of the explicit language of the FTCA, the government agency or employees cannot be sued under that statute. See, Sánchez Piñiero v. Department of Housing and Urban Development, 592 F. Supp. 2d 233, 236 (D. Puerto Rico 2008); Barros-Villahermosa v. U.S., 2008 WL 4443825,*3 (D. Puerto Rico 2008).

The government also raises the failure to properly serve the United States. Fed.R.Cv.P. 4(i)(1) provides, for purposes of this case:

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; and
>
> (B) Send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

In this case, it is alleged that plaintiff has failed to service the Attorney General, and plaintiff has not filed any proof of service to rebut that contention. This action was filed on December 6, 2007, and the 120 days allowed for service of process pursuant to Rule 4(m)

CIVIL 07-2154CCC											3

expired in April, 2008, or more than a year ago.  Having failed to serve the only proper defendant, we are without jurisdiction over the United States and the case cannot go forward.

For the above-stated reasons, the United States' Motion to Dismiss (**docket entry 20**) is GRANTED.  Partial Judgment shall be entered DISMISSING with prejudice as to the Veterans Hospital, Rafael Báez, Manuel Claudio, Enrique Hernández-Villa, Miguel Ramos, and Vivianne Vargas-Díaz, and without prejudice as to the United States.

SO ORDERED.

At San Juan, Puerto Rico, on June 2, 2009.

								S/CARMEN CONSUELO CEREZO
								United States District Judge